**Carlos Jaimez REYES, Plaintiff–Appellant,**

v.

**G. ELLIS; et al., Defendants–Appellees.**

No. 14–16094.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2015.[*]

Filed May 27, 2015.

Carlos Jaimez Reyes, Blythe, CA, pro se.

*See* Fed. R.App. P. 34(a)(2).

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

Gabrielle Desantis Nield, Esquire, Edgar Nield, Nield Law Group, APC, Carlsbad, CA, for Defendants–Appellees.

Before: LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Carlos Jaimez Reyes, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment for defendants because Reyes failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to Reyes's chronic wrist pain. *See id.* at 1057–60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; negligence and a mere difference in opinion are insufficient); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible

medical need in order for deliberate indifference to be established.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

